UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLEN DARREL ETIENNE | CIVIL ACTION |
| VERSUS | NO. 13-2447 |
| SHERIFF MARLIN N. GUSMAN | SECTION "E" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, Allen Darrel Etienne, is a prisoner currently incarcerated in the Orleans Parish Prison system ("OPP"). He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman. He alleges that while incarcerated in the prison, his personal property was confiscated during a shakedown of his cell. He seeks monetary compensation. Record Doc. No. 1 (Complaint at ¶ IV and V).

Specifically, plaintiff's complaint states:

"[On] Nov 1 2012 in TDC New Orleans Parish Jail was a shake down. [E]veryone had to hold hands on head and face shower. The interim staff followed orders from S.O.D. to place everything on floor . . . in trash. My Quran by Abdullah Yusaf Ali written in Arabic translated in [E]nglish is missing, my two Kufi's was (sic) missing until [D]eputy [L]ewis days later discover[ed] and gave [them] back to me . . . ."

Id. (Complaint, ¶ IV at p. 5) (emphasis added).

"[On] Nov 1, 2012 was a shake down in TDC jail, the interim staff took every items (sic) from floor and threw [them] away. My Quran Prayer rug and Du-rag was missing. [D]eputy [L]ewis found two of my head Kufi's. In the month of [D]ecember staff brought me a Quran, within that month.

> Lt. Franklin I gave Quran and that become (sic) missing . . . As you see <u>I have Quran now</u>. [I]'m needing my prayer rug and Du-rag."

<u>Id.</u> (Complaint, ¶ IV at p. 6) (emphasis added).

> "While staff Capt. [H]enry and Lt. Ross knowledgeable of [D]eputy [S]eals brought Quran because it's known it's missing, There was a shake down in TP5, I gave Lt Franklin Quran which [D]eputy [Seals] brought me; My Quran and others (sic) belongings are missing. The cost is $30.00 dollars, all I'm expecting is my peace of belief of the Quran I had written in Arabic translated in [E]nglish by Abdullah Yusaf Ali. Al-Islam is my Faith."

<u>Id.</u> (Complaint, ¶ V at p. 7).

> "I have stated to staff of my prayer rug, it's claim not knowing what I'm speaking of. My belief Al-Islam "Sunnah" and I appreciate of whats (sic) been taken from me, and my head du-rag. Lt. Franklin from Capt. [H]enry replace Quran to me of translated by Abdullah Yusaf Ali. I come in peace, prayer rug was a gift from a brother who went home; it's all part of the deen (sic) of Al-Islam. . . . (I still need a prayer rug)"

<u>Id.</u> (Complaint, ¶ V at p. 8).

## **ANALYSIS**

### I.   <u>STANDARDS OF REVIEW</u>

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis.  28 U.S.C. § 1915A(a); <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998).  Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim.  28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks

monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. § 1915(e), either as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6), because it fails to state a cognizable Section 1983 claim under the broadest reading.[1]

## I.     LOSS/DEPRIVATION OF PROPERTY

Etienne alleges that his personal belongings were confiscated or thrown away during a security shakedown of his cell.  Some of his property was found and returned or replaced, including a Quran and two head Kufis, but he alleges that some of what he lost – specifically, a prayer rug and du-rag worth $30 – remains missing.  Although the missing property consists of religious items, Etienne makes no allegation of any kind that his First Amendment rights to observe his Islamic faith in jail were violated or that the shakedown was religiously motivated in any way, as established by deputies' return to him of a Quran and two Kufis.  Thus, at most, these allegations may constitute a complaint that Etienne was deprived of his property in violation of his due process rights.  However, plaintiff fails to state a cognizable Section 1983 claim in this regard, and his claim must be dismissed.

---

[1]The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011), cert. denied, 132 S. Ct. 1746 (2012) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

In deciding whether state action has violated an individual's right to due process, the court must address two questions: "whether the state action has deprived the individual of a protected interest–life, liberty or property," and if so, "whether the state procedures available for challenging the deprivation satisfy the requirements of due process." Augustine v. Doe, 740 F.2d 322, 327 (5th Cir. 1984); accord Neuwirth v. Louisiana State Bd. of Dentistry, 845 F.2d 553, 556 (5th Cir. 1988); Cuellar v. Tex. Employment Comm'n, 825 F.2d 930, 934 (5th Cir. 1987).

The United States Supreme Court has consistently ruled that a prisoner's property and due process rights are circumscribed by his custodial status. In general, the Supreme Court has ruled that a state actor's random and unauthorized deprivation of a prisoner's property, whether negligent or intentional, does not result in a violation of due process rights if the State provides an adequate post-deprivation remedy. Alexander v. Ieyoub, 62 F.3d 709, 712 (5th Cir. 1995) (citing Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)); accord Wilson v. Holt, 158 F. App'x 546, 546 (5th Cir. 2005).

More specifically, in Parratt, a state prisoner, like Etienne, sued prison officials under Section 1983 alleging that their negligent loss of a hobby kit he had ordered from a mail order catalog deprived him of property without due process of law. The United

5

States Court of Appeals for the Eighth Circuit affirmed the district court's summary judgment in the prisoner's favor, but the Supreme Court reversed, finding that no due process violation occurs when a state employee negligently deprives a prisoner of property, provided that the State makes available a meaningful post-deprivation remedy. Parratt, 451 U.S. at 543-44, cited in Hudson, 468 U.S. at 532.

In Hudson, a state prisoner filed suit under Section 1983, alleging that the correctional officer defendants had "conducted a 'shakedown' search of [the prisoner's] locker and cell for contraband," and had "intentionally destroyed certain of his noncontraband personal property during the . . . search." Hudson, 468 U.S. at 519-20. The Court specifically approved the conduct by prison officials of "wholly random searches" or "routine shakedowns of prison cells" as "essential" to the effective security and administration of prisons. Id. at 529.  Finding that the State had provided an adequate post-deprivation remedy for the alleged destruction of plaintiff's property, the Court found no violation of his rights actionable under Section 1983.  "We hold that the Fourth Amendment has no applicability to a prison cell.  We hold also that, even if [the officers] intentionally destroyed [the prisoner's] property during the challenged shakedown search, the destruction did not violate that Fourteenth Amendment since the [State] has provided [the prisoner] an adequate post-deprivation remedy." Id. at 536.

The Fifth Circuit has clearly recognized that Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property.  Hutchinson v. Prudhomme, 79 F. App'x 54, 55 (5th Cir. 2003); Copsey v. Swearingen, 36 F.3d 1336, 1342-43 (5th Cir. 1994); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984).

Thus, the deprivation of property alleged by Etienne in this case, whether negligent or intentional, is precisely the kind of prisoner's claim as to which the Fifth Circuit has consistently affirmed dismissals by applying the Parratt/Hudson doctrine. See, e.g., Hutchinson, 79 F. App'x at 54 (affirming dismissal of prisoner's claim "that prison personnel mishandled and embezzled funds deposited in his inmate account" because Louisiana law provides an adequate post-deprivation remedy); Marshall, 741 F.2d at 764 (Louisiana law provided adequate post-deprivation remedy when inmate's "personal property was scattered about and some items were missing" from his cell); see also Odom v. St. Tammany Parish S.O., No. 09-0109, 2009 WL 1147925, at *3 (E.D. La. Apr. 28, 2009) (McNamara, J.) (state law provided adequate remedy for allegations that deputies took inmate's mail, pictures, addresses for witnesses for his criminal case and copies of motions); Murphy v. Collins, 26 F.3d 541 (5th Cir. 1994) (Inmate's Section 1983 claim that his dictionary (later destroyed as contraband), cup and bowl were confiscated without regard to prison policy was properly dismissed when adequate state post-deprivation remedies were available.).

Plaintiff's state law remedy for the alleged negligent or intentional loss of his personal property lies in a conversion or other tort suit for damages in state court. Because no constitutional violation has been alleged, his complaint in this court fails to state a claim for which relief may be granted pursuant to Section 1983 and/or is legally frivolous and must be dismissed. Etienne remains free to pursue his claim concerning his lost property in state court against any officials allegedly responsible for his lost property.

## **RECOMMENDATION**

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

<u>United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this ___8th___ day of May, 2013.

                              JOSEPH C. WILKINSON, JR.
                              UNITED STATES MAGISTRATE JUDGE

---

[2] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.